UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 29 2016

Ji Li, et al.,

        Plaintiffs,

–v–

Ichiro Sushi, Inc., et al.,

        Defendants.

14-cv-10242 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs in this action are former—and in one case, current—deliverymen at a sushi restaurant located at 1694 2nd Avenue in Manhattan ("Ichiro 2nd Avenue"). They bring this suit, on behalf of themselves and other delivery persons, against several individuals and corporate entities (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs allege, *inter alia*, that Defendants failed to pay their employees the required minimum wage and did not pay overtime. Six defendants have appeared thus far in the action, and they have moved to dismiss Plaintiffs' amended complaint. They argue that Plaintiffs failed to adequately serve the summons and complaint, and that Plaintiffs have failed to state a claim upon which relief can be granted. For the reasons that follow, the motion to dismiss is DENIED.

## I.    BACKGROUND[1]

The five named plaintiffs in this action are Ji Li, Jianhui Wu, Bin Zhang, De Ping Zhao, and Kai Zhao. Amended Compl. ¶¶ 9-13. Each plaintiff has worked at Ichiro 2nd Avenue as a deliveryman at some point within the past several years—Li, who stopped working at the

---

[1] Unless otherwise noted, the following facts are taken from Plaintiffs' amended complaint. *See* Dkt. No. 14.

1

restaurant in May 2013, was the first plaintiff to end his employment at Ichiro 2nd Avenue, and Kai Zhao is the only plaintiff who was still working at the restaurant when Plaintiffs filed their amended complaint on April 9, 2015. *Id.* Plaintiffs have named four corporate defendants and four individual defendants in their amended complaint. The four corporate entities—Ichiro Restaurant, Inc., Ichiro Sushi, Inc., New Ichiro Sushi, Inc., and Ichiro Asian Fusion, Inc.—are all alleged to be New York corporations with gross sales in excess of $500,000. *Id.* ¶¶ 14-21. Plaintiffs allege that each corporation, except Ichiro Asian Fusion, Inc., has its principal place of business at 1694 2nd Avenue (i.e., at Ichiro 2nd Avenue). *Id.* ¶¶14, 16, 18. Ichiro Asian Fusion, Inc., allegedly has its principal address at 80 Mamaroneck Avenue in White Plains, which Plaintiffs refer to as "Ichiro White Plains." *Id.* ¶ 20. Plaintiffs maintain that Ichiro 2nd Avenue and Ichiro White Plains are part of a restaurant chain known as "Ichiro Restaurant." *Id.* ¶ 22

The four named individual defendants are Jian Ping Chen, Jin Li, Hui Chen, and Juhang Wang. Amended Compl. ¶ 28. Plaintiffs allege that all four serve as owners, operators, and/or officers of the four corporate defendants. *Id.* ¶¶ 30, 33, 36, 37. Plaintiffs describe Jian Ping Chen, known as "Boss," as the individual who used to oversee Ichiro 2nd Avenue and now manages Ichiro White Plains. *Id.* ¶ 31-32. His wife—Jin Li, known as "Lady Boss"—allegedly works as a receptionist at Ichiro 2nd Avenue and oversees the restaurant. *Id.* ¶¶ 29, 34. Hui Chen is allegedly the Chief Executive Officer and Chairman of Ichiro Sushi, Inc., in addition to serving as an owner, operator, CEO, and/or officer of the other three corporate entities. *Id.* ¶¶ 35-36. Plaintiffs do not make additional allegations about Juhang Wang, other than to reiterate that he is an owner, operator, and/or officer of each of the four corporate defendants. *Id.* ¶ 37.

Plaintiffs allege that they consistently were paid wages below the required minimum wage, denied proper overtime compensation, and not paid the "spread of hours" premium required under New York law. Amended Compl. ¶¶ 53-118. Four plaintiffs maintain that Defendants paid them only a flat fee every month, *see id.* at ¶¶ 61-62, 72-73, 84-85, 113, and the fifth claims that Defendants paid him a daily wage that varied slightly based on the number of hours he worked, *id.* at ¶¶ 99-100.

Plaintiffs filed their initial complaint on December 31, 2014.[2] Dkt. No. 1. Plaintiffs' counsel, John Troy, filed affidavits of service for all of the defendants named in the original complaint, indicating that he served the summons and complaint on "Jane Doe, Manager" at Ichiro 2nd Avenue on January 17, 2015. Dkt. Nos. 4-13. No defendants appeared in the case, however, and Plaintiffs filed an amended complaint on April 9, 2015. Dkt. No. 14. Plaintiffs attempted service of their amended complaint on every defendant, with the exception of Jian Ping Chen and Ichiro Asian Fusion, Inc., by leaving a copy of the complaint and summons with "Yuki Zheng, Cashier" at Ichiro 2nd Avenue on May 6, 2016. Dkt. Nos. 24-29. Plaintiffs attempted service on Jian Ping Chen and Ichiro Asian Fusion, Inc. by leaving a copy of the complaint and summons with "Tony Chen, Manager" at Ichiro White Plains on May 12, 2015. Dkt. Nos. 23, 35, 49.

As of June 11, 2015, no defendant had yet appeared. Accordingly, Plaintiffs sought and received a certificate of default from the Clerk of Court. Dkt. Nos. 38, 39. On June 18, 2015, however, attorney David Yan filed a notice of appearance on behalf of six defendants: Ichiro Sushi, Inc., New Ichiro Sushi, Inc., Ichiro Asian Fusion, Inc., Jian Ping Chen, Hui Chen, and Juhang Wang (hereinafter, "Defendants"), i.e., each defendant named in the amended complaint except Ichiro Restaurant, Inc., and Jin Li. Dkt. No. 42. On August 20, 2015, Plaintiffs filed a motion to conditionally certify a collective action under the FLSA. Dkt. No. 53. Magistrate Judge Francis granted in part and denied in part that motion, limiting conditional certification to delivery persons who worked at Ichiro 2nd Avenue. Dkt. No. 79 at 12; *see also Li v. Ichiro Rest. Inc.*, No. 14-CV-10242 (AJN) (JCF), 2015 WL 6828056 (S.D.N.Y. Nov. 5, 2015). On the same date that Plaintiffs moved for conditional certification, Defendants filed this motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Dkt. No. 56, 57. The motion is fully briefed. *See* Dkt. No. 75.

---

[2] Several of the defendants named in the original complaint were subsequently removed, or identified by a different name, when Plaintiffs filed an amended complaint.

## II. LEGAL STANDARD

To resolve a Rule 12(b)(5) motion to dismiss for insufficient service of process, "a court must look to matters outside the complaint." *Rana v. Islam*, 305 F.R.D. 53, 62 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). Once a defendant has filed such a motion, "the plaintiff bears the burden of proving adequate service." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). Generally, "[a] process server's affidavit of service constitutes prima facie evidence of proper service." *Rana*, 305 F.R.D. at 63. But "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption" and often "necessitates an evidentiary hearing." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "[N]o hearing is required," however, "where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.* at 58 (internal quotation marks and citation omitted). Similarly, "[c]onclusory statements" on the part of the plaintiff "are insufficient to overcome a defendant's sworn affidavit that he was not served." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all facts alleged in the complaint" and should "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). The Court should not, however, "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a complaint "pleads facts that are 'merely consistent with' a defendant's

4

liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

Defendants advance several bases for dismissing the amended complaint. First, they challenge the adequacy of service on all Defendants on the grounds that service was not effected within 120 days of the filing of the original complaint. Second, they challenge the adequacy of service on Ichiro Sushi, Inc. and Hui Chen. Third, they argue that Plaintiffs fail to state any claim against Juhang Wang. Fourth, they argue that New Ichiro Sushi, Inc. is not liable for any labor law violations that occurred before September 17, 2014. And fifth, they contend that Plaintiffs' claims against Ichiro Asian Fusion, Inc. and Jian Ping Chen should be dismissed for inadequate service and for failure to state a claim.[3] The Court considers each argument in turn.

### A. Service of Process on all Defendants

Defendants claim that Plaintiffs failed to effect service "for more than 120 days after they filed the Summons in a civil case," in violation of Federal Rule of Civil Procedure 4(m).[4] Defs. Br. 3. As Defendants acknowledge, Plaintiffs claim they effected service on January 17, 2015, for the original complaint and on May 6, 2015, and May 12, 2015, for the amended complaint. *Id.* at 3-4. Given that the original complaint was filed on December 31, 2014, *see* Dkt. No. 1, and that the amended complaint was filed on April 9, 2015, *see* Dkt. No. 14, these dates of service are well within the 120-day period for service under Rule 4(m). Defendants' argument appears to be, however, that service of the *initial* complaint was defective, and that the subsequent service of the amended complaint therefore failed to comply with Rule 4(m). The Court disagrees.

---

[3] Defendants also contend that the Court should dismiss claims against "d/b/a Ichiro or Ichiro Sushi Restaurant." Defs. Br. 9. But Plaintiffs have not named either entity as a defendant in their amended complaint. *See* Dkt. No. 14. Plaintiffs have, however, named "Ichiro Restaurant, Inc." as a Defendant, but that entity has not yet appeared in this action and therefore has not moved to dismiss.

[4] A 2015 amendment to the Federal Rules of Civil Procedure reduced the presumptive time for serving a defendant under Rule 4(m) from 120 days to 90 days. The 120-day period applies to this action.

5

Plaintiffs' counsel, John Troy, filed affidavits of service for all of the Defendants named in the original complaint indicating that he served the summons and complaint on "Jane Doe, Manager" at Ichiro 2nd Avenue's address. Dkt. Nos. 4-13. New York law permits service on an individual "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served," N.Y. C.P.L.R. 308(2), and on a corporation by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," *id.* 311(a)(1). Defendants claim that Mr. Troy "failed to make reasonable inquiry whether [the Jane Doe] Manager of Ichiro was authorized by these defendants to accept service" and that Defendants did not, in fact, receive the summons or complaint. Defs. Br. 3. But attempting to cast doubt on whether Mr. Troy in fact served an appropriate individual at Ichiro 2nd Avenue does not meet Defendants' burden to "swear to specific facts to rebut the statements in the process server's affidavits." *Old Republic*, 301 F.3d at 58 (internal quotation marks and citation omitted). In the materials accompanying Defendants' motion to dismiss, only Hui Chen's affidavit, which pertains to himself and to Ichiro Sushi, Inc., expressly denies having been properly served and avers to specific facts in support of that denial. *See* Dkt. 63 ("Hui Chen Aff."). The Court discusses those specific defendants below. But the Court rejects Defendants' broad contention that service on all Defendants was invalid and that Plaintiffs therefore failed to comply with Rule 4(m).[5]

Moreover, even if Defendants were correct that Plaintiffs had to serve their amended complaint within 120 days of filing the original complaint, the Court would exercise its discretion to permit service outside the 120-day period. *See, e.g., Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (holding that courts have "discretion to extend the deadline for effecting service" under Rule 4(m), even if plaintiff has not shown good cause). The dates of

---

[5] Plaintiffs' response on this point relies heavily on the case law interpreting Rule 15(c), which governs when an amended pleading relates back to the date of the original pleading. *See* Opp. Br. 3-4; *see also* Fed. R. Civ. P. 15(c). The Court need not address these arguments at this time, however, as Defendants have not raised a statute of limitations defense.

6

service for the amended complaint—May 6, 2015, and May 12, 2015—are just six days and twelve days, respectively, beyond the 120-day window from the filing of the original complaint. No prejudice to Defendants would result from such an extension.

### B.   Service of Process on Ichiro Sushi, Inc. and Hui Chen

Defendants next argue that neither Ichiro Sushi, Inc. nor Hui Chen were properly served. Defendants claim that Ichiro Sushi, Inc. sold the Ichiro 2nd Avenue business on September 17, 2014, and that Hui Chen no longer works at the restaurant. Defs. Br. 3-4. In support of that claim, Hui Chen avers that he is the sole shareholder and president of Ichiro Sushi, Inc., that he "sold the restaurant business on September 17, 2014," and that he has not returned to the Ichiro 2nd Avenue location since. Hui Chen Aff. ¶¶ 3-4. Chen claims that the decision to sell was "caused by the construction of the Second Avenue Subway," which led to a slowdown in business. *Id.* ¶ 6. He further avers that he sold the restaurant to New Ichiro Sushi, Inc., that "Ichiro Sushi, Inc. and New Ichiro Sushi, Inc. are not related," and that he "do[es] not own any interest in . . . New Ichiro Sushi, Inc." *Id.* ¶ 7. Finally, he alleges that he has not "been properly served by the Plaintiffs the Summons, Complaint, and First Amended Complaint." *Id.* ¶ 4.

Chen has thus sworn to "specific facts" that "rebut[] the presumption" of proper service. *Old Republic*, 301 F.3d at 57-58. Plaintiffs, however, provide no response to Chen's claims, other than to insist that "Hui Chen was properly served with the Original Complaint . . . by the service on Yuki Zheng, the cashier." Opp. Br. 4. This response appears to conflate service of the original complaint with service of the amended complaint, *compare* Dkt. No. 7 ("Jane Doe, Manager"), *with* Dkt. No. 25 ("Yuki Zheng, Cashier"), and ignores the thrust of Defendants' argument: that Chen and Ichiro Sushi, Inc., could not have been properly served at the Ichiro 2nd Avenue address because it is no longer their place of business. The affidavits submitted along with Plaintiffs' opposition fare no better. Each affidavit repeats an identical allegation: that "Hui Chen owns and operates Ichiro Restaurant Inc., New Ichiro Sushi Inc., and Ichiro Asian Fusion Inc." Dkt. No. 70 ¶ 12; Dkt. No. 71 ¶ 12; Dkt. No. 72 ¶ 12. Even if these statements could be construed as allegations that Ichiro 2nd Avenue remained Chen's place of business, they are only

7

"[c]onclusory statements" that "are insufficient to overcome a defendant's sworn affidavit that he was not served." *Darden*, 191 F. Supp. 2d at 387. Accordingly, the Court holds that service on Hui Chen and Ichiro Sushi, Inc. was improper.

The Court declines, however, to dismiss Plaintiffs' claims against those defendants. When service of process is insufficient, "the Court has discretion to dismiss the action, but dismissal is not mandatory." *Darden*, 191 F. Supp. 2d at 387; *see also Primary Succession Capital, LLC v. Schaeffler, KG*, No. 09-CV-735 (LAP), 2010 WL 4236948, at *1 (S.D.N.Y. Oct. 26, 2010). In light of the apparent confusion over which corporate entities and individuals were, and are still, associated with Ichiro 2nd Avenue, the Court exercises its discretion to deny Defendants' 12(b)(5) motion to dismiss with respect to Hui Chen and Ichiro Sushi, Inc. Instead, Plaintiffs are ordered to serve those defendants, and file proof of service on the docket, within 30 days of the issuance of this Memorandum and Order.

### C. Failure to State a Claim Against Juhang Wang

Defendants argue that the Court should dismiss Plaintiffs' claims against Juhang Wang on the grounds that he "has not been described as any of the 'Defendants' in the plaintiffs' First Amended Complaint, paragraphs 14 to 37." Defs. Br. 5. This is plainly incorrect. Plaintiffs allege that "four individuals primarily determine their rates of pay, work schedule, work load and employment: Jian Ping Chen, Jin Li, Hui Chen and *Juhang Wang*." Amended Compl. ¶ 28 (emphasis added). They also allege that "Wang is an owner, operator and/or officer of Ichiro Restaurant Inc., Ichiro Sushi Inc., New Ichiro Sushi Inc., and Ichiro Asian Fusion Inc." *Id.* ¶ 37. Defendants' motion to dismiss is therefore denied with respect to Juhang Wang.

### D. Claims Against New Ichiro Sushi, Inc. Prior to September 17, 2014

Defendants contend that "New Ichiro Sushi, Inc. cannot be responsible for any possible violation of FLSA and NYLL prior to September 17, 2014." Defs. Br. 6. Although Defendants do not say so explicitly, this claim apparently relies on the allegations from Hui Chen's affidavit indicating that he sold Ichiro 2nd Avenue to New Ichiro Sushi, Inc. on September 17, 2014. *See* Hui Chen Aff. ¶ 7; *see also* Dkt. No. 61 Ex. C (documents relating to the alleged sale). The

8

Court cannot consider these supplemental documents, however, in evaluating Defendants' 12(b)(6) motion to dismiss (as contrasted with their 12(b)(5) motion to dismiss). *See Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 423 (S.D.N.Y. 2013) ("[I]n ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein."). Defendants have not identified any allegations in the amended complaint that would allow the Court to hold that Plaintiffs have failed to state a claim against New Ichiro Sushi, Inc. for labor law violations prior to September 17, 2014. And although courts will occasionally consider documents outside the "four corners" of the complaint in resolving a 12(b)(6) motion to dismiss, those documents must be "attached to the complaint, incorporated by reference or integral to the complaint," or they must be documents "the plaintiff relied on." *Id.* at 423-24 (emphasis omitted). None of these exceptions apply here. The Court therefore denies Defendants' motion to dismiss Plaintiffs' claims against New Ichiro Sushi, Inc. prior to September 17, 2014.

### E.     Claims Against Ichiro Asian Fusion, Inc. and Jian Ping Chen

Finally, Defendants advance two grounds for dismissing Plaintiffs' claims against Ichiro Asian Fusion, Inc., and Jian Ping Chen. First, they argue that service of process was invalid with respect to both defendants. And second, they contend that Plaintiffs' claims against these defendants do not survive a 12(b)(6) motion to dismiss. Both arguments are unavailing.

With respect to service of process, Defendants claim that Plaintiffs never served the amended complaint on Ichiro Asian Fusion, Inc. Defs. Br. 7. Defendants are mistaken—Plaintiffs have filed an affidavit of service indicating that Ichiro Asian Fusion, Inc. was served on May 12, 2015. Dkt. No. 49. Defendants next argue that service on Jian Ping Chen was invalid for essentially the same reason described previously with respect to all Defendants—namely, that Plaintiffs failed to inquire whether the individual listed on the affidavit of service (here, Tony Chen) was authorized to accept service. Defs. Br. 6-7. As the Court has made clear, however, Defendants must "swear to specific facts to rebut the statements in the process server's affidavits" in order to prevail on a 12(b)(5) motion to dismiss. *Old Republic*, 301 F.3d at 58

9

(internal quotation marks and citation omitted). Defendants submitted no affidavits pertaining to Jian Ping Chen along with their motion to dismiss. Defendants did, however, submit an affidavit from Jian Ping Chen along with their *reply* brief, in which Chen alleges that "he" is a woman, does not know who Jin Li ("his" alleged wife) is, and has never met Plaintiffs. Dkt. No. 76 ¶¶ 2, 4, 6. The Court declines to consider this affidavit because Defendants could, and should, have submitted it along with their motion to dismiss. By waiting until they filed their reply brief to introduce this information, Defendants have denied Plaintiffs the opportunity to respond. They therefore cannot rely on the affidavit to support dismissal of Plaintiffs' claims. *See Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680, 687 (E.D.N.Y. 2005) ("The Defendant failed to submit any affidavits in support of its motion and . . . the Court will not consider the affidavits submitted . . . with its Reply brief."); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

Second, Defendants argue that the Court should dismiss the claims against Ichiro Asian Fusion, Inc. and Jian Ping Chen because "Plaintiffs have failed to set forth sufficient facts to support [their] allegations that . . . said defendants are employers under the FLSA." Defs. Br. 7. Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013) ("The statute nowhere defines 'employer' in the first instance."). The Second Circuit treats "employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis," with an eye to "the 'economic reality' of a particular employment situation." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008). The court has applied a collection of different factors, depending on the circumstances, to aid in assessing the "economic reality" of an employment relationship. *See id.* at 142-43 (reviewing applications of the "economic realities test" and concluding that "the various factors relied upon by this court . . . state no rigid rule for the identification of an FLSA employer").

Here, Plaintiffs contend that Defendants are all employers because they "perform related activities, are united in operation and function as a single integrated enterprise." Opp. Br. 8. In other words, Plaintiffs contend that Defendants operate as a "single employer." "A 'single employer' situation exists where two nominally separate entities are actually part of a single integrated enterprise." *Perez v. Westchester Foreign Autos, Inc.*, No. 11-CV-6091 (ER), 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013). In assessing whether "multiple defendants constitute a single employer, courts consider the following factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Id.* But the question of "whether a *particular* defendant can be considered a plaintiff's 'employer' is a fact-specific inquiry." *Id.* (emphasis added). Accordingly, courts have held that "on a motion to dismiss, the relevant inquiry is whether a defendant has been put 'on notice of the theory of employer liability.'" *Id.* (quoting *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 84 (E.D.N.Y.2011)). In keeping with the requirements of *Twombly* and *Iqbal*, however, "mere boilerplate allegations" that an individual or entity "meets the various prongs" of one instantiation of the FLSA economic realities test are "insufficient to survive a motion to dismiss." *Bravo v. Established Burger One, LLC*, No. 12-CV-9044 (CM), 2013 WL 5549495, at *6-7 (S.D.N.Y. Oct. 8, 2013) (internal quotation marks and citation omitted).

Turning to the specific allegations in the amended complaint, Plaintiffs have plausibly alleged that Jian Ping Chen and Ichiro Asian Fusion, Inc. are employers under the FLSA. As an initial matter, Plaintiffs allege that Chen "is an owner, operator and/or officer" of the four corporate defendants. Amended Compl. ¶ 30. Standing alone, that conclusory allegation might be insufficient, but Plaintiffs also allege that Chen "is known as 'Boss'" to Plaintiffs, that he "used to oversee Ichiro 2nd Ave. and work at its sushi bar," and that he "currently manages and oversees Ichiro White Plains." *Id.* ¶¶ 31-32. Plaintiffs additionally claim that Chen and Jin Li "are husband and wife" and that Li oversees Ichiro 2nd Avenue. *Id.* ¶¶ 31, 34. These allegations make plausible both Chen's specific role as an employer with management authority over

11

Plaintiffs, as well as the "interrelation of operations," "common management," and "common oversight or financial control" of Ichiro 2nd Ave and Ichiro White Plains. *See* Perez, 2013 WL 749497, at *7. That has particular import for Ichiro Asian Fusion, Inc., which is the only entity that Plaintiffs allege is based at the address of Ichiro White Plains. *See* Amended Compl. ¶ 20. Plaintiffs further allege that Ichiro White Plains and Ichiro 2nd Avenue are "members of a restaurant chain known as Ichiro Restaurant." *Id.* ¶ 22. Accordingly, although Plaintiffs could have included more detail in their amended complaint, they have put forward more than "mere boilerplate allegations" that Ichiro Asian Fusion, Inc. and Jian Ping Chen acted as their employer. *Bravo*, 2013 WL 5549495, at *7. Defendants' motion to dismiss the claims against these defendants is therefore denied.[6]

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. Plaintiffs are ordered to effect service on Ichiro Sushi, Inc. and Hui Chen, and to file proof of service on the docket, within 30 days of the issuance of this Memorandum and Order. Once served, those defendants shall have 21 days to file an answer or otherwise respond to Plaintiffs' amended complaint. The remaining Defendants that have appeared are ordered to file an answer no later than 14 days from the issuance of this Memorandum and Order. Finally, an initial pretrial conference is hereby scheduled for May 6, 2016, at 2:00 p.m. That conference will include the parties in this case and the parties in *Hidalgo v. Ichiro Sushi, Inc.*, No. 15-CV-414, a related case

---

[6] Defendants suggest for the first time in their reply brief that this Court lacks subject matter jurisdiction over New Ichiro Sushi, Inc. because the company's revenue in 2014 was less than $500,000. Reply Br. 1; *see also* 29 U.S.C. § 203(s)(1)(A)(ii) (requiring that enterprises subject to the FLSA have an "annual gross volume of sales made or business done" of at least $500,000). Plaintiffs, however, have alleged that New Ichiro Sushi, Inc.'s annual gross sales exceed $500,000, *see* Amended Compl. ¶ 19, and Defendants have put forward no evidence to counter that allegation. Moreover, even if Defendants are correct in their unsubstantiated characterization of New Ichiro Sushi, Inc.'s revenue, courts in this circuit have consistently held that the annual revenue requirement goes to the merits of a FLSA claim and is not jurisdictional. *See Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 344 (E.D.N.Y. 2014) (collecting cases); *see also Shu Lan Chen v. Gypsophila Nail & Spa Inc.*, No. 15-CV-2520 (JPO), 2015 WL 3473510, at *1 (S.D.N.Y. June 2, 2015).

in which the plaintiff has made similar allegations about the labor practices at Ichiro 2nd Avenue.

This resolves Docket Nos. 56 and 57.

SO ORDERED.

Dated: March 29, 2016
       New York, New York

                                            ALISON J. NATHAN
                                            United States District Judge