```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JI LI, JIANHUI WU, BIN ZHANG, DE     :  14 Civ. 10242 (AJN) (JCF)
PING ZHAO, and KAI ZHAO, on behalf   :
of themselves and others similarly   :      MEMORANDUM
situated,                            :      AND  ORDER
                                     :
              Plaintiffs,            :
                                     :
      - against -                    :
                                     :
ICHIRO RESTAURANT INC., ICHIRO       :
SUSHI INC., NEW ICHIRO SUSHI INC.,   :
and ICHIRO ASIAN FUSION, INC., all   :
d/b/a ICHIRO, JIAN PING CHEN, JIN    :
LI, HIU CHEN, and JUHANG WANG a/k/a  :
JAMES WANG,                          :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/17

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiffs in this wage and hour action seek sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure against defendant Ichiro Sushi Inc. ("Ichiro") and its attorney, David Yan, for discovery failures. Mr. Yan opposes the application and moves to withdraw as counsel for Ichiro. The plaintiffs' motion is granted in part and denied in part. Mr. Yan's motion is denied without prejudice.

Motion for Sanctions

Where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Those

orders may impose harsh sanctions, such as dismissing the case, precluding evidence, or deeming certain facts established for the purpose of the litigation.  Fed. R. Civ. P. 37(b)(2)(A).  When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions."  Sentry Insurance A Mutual Co. v. Brand Management, Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013).  If a litigant succeeds on a Rule 37(b)(2) motion, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

On November 22, 2016, I ordered Ichiro to respond to the plaintiffs' discovery requests by November 30, 2016. (Order dated Nov. 22, 2016, ¶ 3).  All interested parties agree that it failed to comply. (Plaintiffs' Memorandum of Law in Support of Motion to Sanction ("Pl. Memo.") at 1-2; Declaration of David Yan filed Dec. 27, 2016 ("Yan Decl."), ¶¶ 2, 6).  Sanctions are therefore in order.

2

The plaintiffs refuse to suggest an appropriate sanction, but advise against a default judgment because it "could prejudice [them] by making it less likely that they can build their merits case against Ichiro [] and the remaining [d]efendants." (Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Rule 37 Sanctions ("Reply") at 2-3).  But the discovery deadline has passed and the plaintiffs have not requested an extension.  (Order dated Sept. 29, 2016 (extending discovery deadline to November 30, 2016); Order dated Nov. 29, 2016 (extending discovery deadline to December 13, 2016, for sole purpose of deposing Jiau Ping Chen and Ichiro Asian Fusion, Inc.); Order dated Dec. 20, 2016 (ordering Jiau Ping Chen and Ichiro Asian Fusion, Inc. to appear for deposition on December 29, 2016); Order dated Dec. 28, 2016 (extending deadline for depositions of Jiau Ping Chen and Ichiro Asian Fusion, Inc. to January 13, 2017, with no further extensions).  Nevertheless, I will not recommend a sanction that the plaintiffs have disavowed.[1]  Nor will I fashion a different sanction without guidance from the plaintiffs as to what would be appropriate.  I will, however, order the payment of plaintiffs' reasonable expenses (including attorneys' fees) caused

---

[1] If the plaintiffs desire a default judgment against Ichiro, they could seek it without recourse to Rule 37 in light of Ichiro's failure to answer the Amended Complaint.

by Ichiro's failure to participate in discovery, as required by the Rule.[2]  Fed. R. Civ. P. 37(b)(2)(C).

The sanction shall be imposed against Ichiro and not against its counsel.  Mr. Yan asserts that he lost contact with the principal of Ichiro at the time that the plaintiffs propounded their discovery and that all subsequent attempts to contact him have been unsuccessful.  (Yan Decl., ¶ 2).  Mr. Yan therefore has neither information nor documents that would allow him to respond to the discovery requests.  (Yan Decl., ¶¶ 5-6).  Moreover, there is no indication that Mr. Yan advised or otherwise inspired Ichiro to violate my discovery order.

<u>Motion to Withdraw as Counsel</u>

Local Civil Rule 1.4 governs withdrawal of attorneys in this district:

> An attorney who has appeared as attorney of record for a party may be relieved . . . only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.  All applications to withdraw

---

[2] Mr. Yan's request to stay these proceedings for thirty days to allow Ichiro to retain new counsel and respond to plaintiffs' motion (Yan Decl., ¶ 9) is denied.  First, Ichiro is currently represented.  Second, I cannot imagine that new counsel would be able to excuse Ichiro's complete failure to participate in discovery.

>must be served upon the client and (unless excused by the Court) upon all other parties.

Local Civil Rule 1.4.  There is no evidence that Mr. Yan has served (or attempted to serve) his motion on Ichiro or its principal. (Certificate of Service filed Dec. 27, 2016, attached to Declaration of David Yan dated Dec. 27, 2016).  Therefore, the motion is denied without prejudice.  See, e.g., Granados v. Traffic Bar and Restaurant, Inc., No. 13 Civ. 500, 2016 WL 1317988, at *3 (S.D.N.Y. March 31, 2016) (denying motions to withdraw without prejudice where "neither application has complied with the requirement that a request to withdraw must be served on the attorneys' clients").

Conclusion

   For the foregoing reasons, the plaintiffs' motion for sanctions (Docket no. 126) is granted in part and denied in part. David Yan's motion to be relieved as counsel (Docket no. 137) is denied without prejudice to renewal.

   Within fourteen days of the date of this Order, the plaintiffs shall submit an application, including attorney time records, outlining the expenses incurred because of Ichiro Sushi Inc.'s discovery failures.  In addition, within fourteen days of the date of this Order, Mr. Yan shall file an application to be relieved as counsel that complies with Local Civil Rule 1.4.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 6, 2016

Copies transmitted this date:

John Troy, Esq.
Kibum Byun, Esq.
Troy Law, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355

David Yan, Esq.
Law Offices of David Yan
136-20 38th Ave., Suite 11E
Flushing, NY 11354

Benjamin B. Xue, Esq.
Kevin Y. Yam, Esq.
Xue & Associates, P.C.
1001 Avenue of the Americas, 11th Floor
New York, NY 10018