UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____                    │
│ DATE FILED: 4/16/22              │
└─────────────────────────────────┘
```

Ji Li, et al.,

                Plaintiffs,

        —v—

Ichiro Sushi, Inc., et al.,

                Defendants.

14-cv-10242 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

On April 30, 2020, the Court sanctioned Plaintiffs' counsel but reserved judgment as to the amount. After receiving briefing from both parties, the Court now awards $48,058.00 in attorneys' fees and costs.

## I.  BACKGROUND

### A.  Procedural History

After the close of the bench trial, Defendants Ichiro Asian Fusion and Jian Ping Chen (collectively "Defendants") moved for sanctions against Plaintiffs' counsel and sought attorneys' fees. Defs. Br., Dkt. No. 258. On April 30, 2020, the Court sanctioned the Ji Li Plaintiffs' counsel pursuant to 28 U.S.C. § 1927 for continuing to press forward with meritless claims against the Defendants after the close of evidence at trial. Dkt. No. 285 at 19, 22. The Court reserved its judgment as to the amount and ordered Plaintiffs to respond to the amount sought by the Defendants within 14 days. *Id.* at 24. On August 5, 2020, the Court extended Plaintiffs' deadline to object. Dkt. No. 291. On August 12, 2020, Plaintiffs submitted their objections and on August 19, 2020, Defendants replied. Pls. Br., Dkt. No. 292; Defs. Reply, Dkt. No. 293.

## II.   LEGAL STANDARD

Defendants seek reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1927. Overall, a "reasonable" fee is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious [FLSA] case." *Perdue v. Kenny A.*, 559 U.S. 542, 551–53 (2010). The lodestar method, which multiplies a reasonable hourly rate by a reasonable number of hours, provides a presumptively reasonable fee amount. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

In evaluating an hourly rate, courts consider comparable market rates. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). As to the number of hours, courts conduct "a conscientious and detailed inquiry." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997). Courts may reduce the award for excessive, redundant, or unnecessary billing. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Ultimately, the district court has "considerable discretion" in awarding attorneys' fees. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

## III.   DISCUSSION

As a threshold issue, Plaintiffs argue that Defendants cannot recover for work billed to "RLI," "PS," or "GM" since there is "no basis" for establishing the experience or qualifications of these individuals originally unidentified in Defendants' invoices submitted to the Court. Pls. Br. at 3. However, Defendants' reply identifies which individuals these entries correspond to— "RLI" refers to Robert L. Isabella, "PS" refers to Puja Sharma, and "GM" refers to Garett Metcalf. Defs. Reply at 3–4. Therefore, the Court is able to properly evaluate any fees recoverable by "RLI," "PS," or "GM."

Next, the Court will calculate the reasonable fee by first evaluating the reasonable hourly rate, and then the reasonable number of hours.

### A. Hourly Rate

Plaintiffs challenge the hourly rates requested by the Defendants for 1) the first- and second-year associates; 2) partner Benjamin Xue; and 3) the paralegal. Pls. Br. at 3–4. For the first- and second-year associates (Kevin Yam, Rick Liang, Michael S. Romero, and Leonides Viajar III) Defendants seek rates of $260 to $275 per hour. *See* Dkt. No. 258-10. For partner Benjamin Xue, Defendants request a rate of $350 per hour for work performed before August 2017, and $395 for any work performed thereafter. *Id.* For the paralegal's work, Defendants request a rate of $185 per hour. *Id.* Lastly, the Court will independently evaluate the rate for the now-identified attorneys Robert L. Isabella, Puja Sharma, and Garett Metcalf where Defendants have requested a rate of $275 per hour. *Id.*

The Court agrees with Plaintiffs that the requested rates for the first- and second-year associates of $260 to $275 per hour are unreasonable. *Gervacio v. ARJ Laundry Services Inc.*, No. 17-CV-9632 (AJN), 2019 WL 330631, at *2 (S.D.N.Y. Jan. 25, 2019) (finding $250 per hour for a first-year associate in a FLSA case "unreasonably high"). Accordingly, the Court sets the first- and second-year associates' hourly rate at $200.[1] *See De La Cruz v. Trejo Liquors, Inc.*, No. 16cv4382 (VSB) (DF), 2019 WL 9573763, at *18 (S.D.N.Y. Sept. 10, 2019), *report and recommendation adopted*, 2020 WL 4432298 (S.D.N.Y. July 30, 2020) (awarding $200 per hour to a second-year associate in a FLSA case).

---

[1] The Court finds Plaintiffs' argument that Michael S. Romero cannot recover fees since he was not admitted to practice in this district meritless. Pls. Br. at 2. Since Romero was admitted to the New York State bar in 2015, Defendants are entitled to recover fees for his work. Defs. Reply. at 4.

Plaintiffs next challenge Xue's hourly rate increase during the course of litigation from $350 to $395 in August 2017. Pls. Br. at 4. Xue was admitted to the bar in 2002 and is a partner of a small firm litigating wage-and-hour cases. *Id.*; Defs. Reply at 5. In this district, experienced partners are commonly awarded between $300 and $400 per hour in FLSA cases. *Shanfa Li v. Chinatown Take-Out Inc.*, No. 16 Civ. 7787 (JCM), 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019), *aff'd*, 812 F. App'x 49 (2d Cir. 2020). Given the Court's observation of Xue's work and since $395 is at the higher end of what courts in this district award in comparable cases, the Court agrees that a consistent rate of $350 per hour for Xue's work is appropriate.

Defendants' requested rate of $185 for paralegal work is excessive. A rate of $100 to $150 for paralegal work is standard. *See Bhungalia Fam., LLC v. Agarwal*, 317 F. Supp. 3d 727, 741 (S.D.N.Y. 2018) (collecting cases). Accordingly, the Court will award a rate of $125 per hour for paralegal services. *See Perez v. Eons - Greek Food for Life, LLC*, No. 20-CV-1121 (AT), 2020 WL 8768085, at *3 (S.D.N.Y. Aug. 12, 2020) (awarding $125 for paralegals in an FLSA case).

Defendants request a rate of $275 per hour for attorneys Robert L. Isabella, Puja Sharma, and Garett Metcalf. Robert L. Isabella was admitted to the New York State bar in 2013, Sharma in 2014, and Metcalf in 2015. Defs. Reply at 3-4. According to the submitted invoices, Isabella worked on the case in 2016 and will thus be considered a third-year associate for the purpose of this opinion. *See* Dkt. No. 258-10. Sharma worked on the case from 2016-2017 and will be considered a second-and third-year associate; Metcalf worked on the case in 2018 and will be considered a third-year associate. *Id.* The Court finds that $225 per hour is a reasonable rate for these third-year associates. *See Baltierra v. Advantage Pest Control Co.*, No. 14 Civ. 5917 (AJP), 2015 WL 5474093, at *13 (S.D.N.Y. Sept. 18, 2015) (using $225 per hour for a third-year associate in an FLSA case).

The Court will therefore calculate the lodestar using $200 per hour for the first-and second-year associates; $350 for Xue; $125 for the paralegal, and $225 for the third-year associates.

### B. Hours Billed

Plaintiffs propose a myriad of challenges to the hours billed by Defendants. First, Plaintiffs object to eight instances of Defendants' "block billing" where the attorney billed for several tasks at once. Pls. Br. at 4. Reductions to block billing are appropriate when five or more hours are billed together creating "an unacceptable risk that the aggregated total exceeded the reasonable hours worked on compensable tasks." *Benihana, Inc. v. Benihana of Tokyo, LLC*, No. 15-cv-7428 (PAE), 2017 WL 6551198, at *3 (S.D.N.Y. Dec. 22, 2017)*.* Therefore, the Court will exclude the one instance of block-billed time for 5.30 hours. Second, Plaintiffs object to entries totaling 1.70 hours which are allegedly "vague." Pls. Br. at 4. Upon a review of these entries, the Court disagrees with Plaintiffs' characterization and will decline to reduce these hours. Third, Plaintiffs object to time billed to conferring with co-counsel. While such entries may be reduced when "excessive," Defendants have properly ensured that their invoice is clear of duplicate work and therefore the Court declines to reduce the number of hours billed on this ground. Defs. Reply at 7. Fourth, Plaintiffs allege that 9.10 hours on the invoice do not relate to Defendants' representation of this client.[2] Pls. Br. at 5. Defendants neither account for these hours nor directly address this issue in their reply. The Court will therefore deem these hours "unnecessary" to this litigation and strike them from the award. *Quaratino*, 166 F.3d at 425. Fifth, Plaintiffs argue that the use of multiple associates resulted in excessive time being spent on tasks. The Court, cognizant of the workload required to answer Plaintiffs' complaint, engage in

---

[2] These 9.10 hours include the 5.30 hours previously excluded for block-billing.

discovery, file and oppose various motions, and litigate a four-day bench trial, does not find it excessive for multiple attorneys to have worked on this matter. Finally, Plaintiffs object to 30.10 hours billed to preparing for a deposition where Defendants failed to appear. The Court is persuaded that since the deposition was rescheduled, the time spent preparing for that deposition in the first instance was neither excessive, unnecessary, nor redundant. Accordingly, the Court declines to reduce the award on that basis.

Additionally, Defendants seek to recover for 8.80 hours spent on preparing their reply brief seeking these fees. Defs. Reply at 8. Such "fees on fees" are recoverable in FLSA cases. *Jimenez v. KLB Foods, Inc.*, No. 12-CV-6796 (JPO), 2015 WL 3947273, at *4 (S.D.N.Y. June 29, 2015).

In sum, the Court will reduce hours billed by 5.30 hours for block-billing, 9.10 hours for hours unrelated to Defendants' representation of this client, and add 8.80 hours for the preparation of the reply brief.

### C. Costs

Finally, Plaintiffs object to two expenses requested by Defendants. Pls. Br. at 5. As to the first expense, a fee imposed on Defendants for the cancelled deposition, Defendants concede that this charge was erroneously included and asks that their requested award be reduced by the amount of $465. Defs. Br. at 8. The Court agrees. As to the second expense for transcripts, Defendants are entitled to reimbursement for the entirety of these transcripts.

## IV.    CONCLUSION

For the foregoing reasons, Defendants are awarded $48,058.00 in attorneys' fees and costs.

SO ORDERED.

Dated: April 16, 2022
     New York, New York

_____

ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation